IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3042

JASON SISNEROS

      Plaintiff,

v.

UNITED STATES OF AMERICA

      Defendant.

---

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

---

Plaintiff, Jason Sisneros, by and through his undersigned counsel, Bell & Pollock, P.C., for his Complaint against the Defendant, states as follows:

### INTRODUCTION

1. This is an action against the Defendant, United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and negligence per se in connection with an automobile collision between Plaintiff and an employee of the U.S. Postal Service, James Sneed which occurred on February 7, 2018 within the County of Denver, State of Colorado.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries and property damage caused by the Defendant's negligence.

3. Plaintiff has fully complied with the provision of 28 U.S.C. §2675 of the Federal Tort Claims Act. *See Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff timely served notice of his claim on the U.S. Postal Service less than two years after the incident forming the basis of this suit.

5. This Complaint is filed pursuant to 28 U.S.C §2401(b) after receiving letters from the Law Department for the National Tort Center of the United States Postal Service advising of a 6-month period of time to adjudicate the claim and receiving no response to the Federal Tort Claims package following the 6-month adjudication time frame.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Jason Sisneros is and at all times relevant hereto was a resident of the State of Colorado.

7. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the United States Postal Service are hereinafter collectively referred to as "Defendant".

8. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for negligent acts of its employees and agents under the doctrine respondeat superior.

9. Defendant United States of America is and was at all times relevant to this Complaint a sovereign nation with a government overseeing various federal agencies, including the United States Postal Service.

10. Jurisdiction if proper under 28 U.S.C. §1346(b)(1).

11. The Court has subject matter jurisdiction over this dispute pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671, et seq. as Plaintiff's claims are for injuries and property damage arising out of a motor vehicle collision that occurred on February 7, 2018 in the County of Denver, State of Colorado.

12. This Court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1346(b)(1), which provides that the United States District Courts shall have exclusive jurisdiction of civil actions of claims against the United States for personal injury and property damage caused by the negligent or wrongful acts or omissions of any employee of the government while acting within the course and scope of his employment.

13. Venue is proper pursuant to 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred within the County of Denver, State of Colorado.

## FACTUAL ALLEGATIONS

14. On or about February 7, 2018, Plaintiff was traveling at or near the intersection of 13100 Block of East 56th Avenue at or near Uvalda Street. United States Postal Service employee, James Sneed at the same time and place was traveling in a vehicle directly behind the Plaintiff. At the intersection of the 13100 block of East 56th Avenue, Defendant failed to stop and keep a proper look-out and followed Plaintiff's vehicle too closely and rear-ended Plaintiff's vehicle in the County of Denver, State of Colorado.

15. This collision was investigated by the Denver Police Department, and Mr. James Sneed was cited for *Following too Closely,* in violation of C.R.S. §42-4-1008.

16. Plaintiff sustained injuries and damages, including, but not limited to, headaches, neck injuries and left leg injuries.

17. As a direct, immediate and proximate result of the crash, the Plaintiff, has suffered past, present and future pain and suffering, physical injuries, permanent injuries, loss of ability to enjoy life, has incurred medical expenses, has incurred property damage and has sustained other injuries, damages and/or losses.

18. All damages are in the past, present and future, whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## (NEGLIGENCE)

19. Plaintiff incorporates herein each prior allegation of this Complaint as if set forth verbatim herein.

20. At the time and place of said collision, James Sneed was acting within the course and scope of his employment with Defendant United States of America, and was operating his motor vehicle in a careless and negligent manner without due regard for the safety of persons and property, was

3

following Plaintiff's vehicle too closely, failed to keep a proper look out for other vehicles, failed to avoid striking Plaintiff's vehicle, failed to have his vehicle under control, failed to apply his brakes to avoid the collision, was not paying attention to his driving, and was otherwise negligent.

21. Said collision and Plaintiff's injuries and damages, as hereinafter set forth, were proximately caused by the negligence of James Sneed in the operation of his motor vehicle, and Defendant United States of America is vicariously liable for James Sneed's negligence as he was acting within the course and scope of his employment with the United States Postal Service, an agency of Defendant United States of America, at the time of the said collision.

22. Employee of Defendant, James Sneed, operated his vehicle in a careless and/or negligent manner and did so in such a fashion as to cause the crash thereby causing injuries, damages and losses to the Plaintiff.

23. As a direct, immediate and proximate result of James Sneed's negligent actions and/or omissions, the Plaintiff has suffered damages, injuries and losses.

24. As a direct, immediate and proximate result of James Sneed's negligence, Plaintiff has sustained injuries, which said injuries are of a permanent nature and which have caused the Plaintiff pain, suffering and discomfort and which will continue to cause pain, suffering and discomfort.

25. As a direct, immediate and proximate result of James Sneed's negligence, Plaintiff has incurred property damages and has sustained damages, injuries and losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, distress, permanent injuries, economic losses and damages, loss of enjoyment of life, property damage and all other injuries, damages and losses of the Plaintiff.

26. All damages are in the past, present and future, whether so specifically delineated in each paragraph or not.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
## (NEGLIGENCE PER SE)

27. Plaintiff incorporates herein each prior allegation of this Complaint as if set forth verbatim herein.

28. Defendant's employee, James Sneed operated his vehicle in a careless, and reckless manner and caused the collision with the vehicle occupied by the Plaintiff in violation of the traffic laws of this State, including, but not limited to C.R.S. § 42-4-1008 (following too closely) and C.R.S. § 42-4-1402 (careless driving).

29. At the time of the subject collision, the Colorado Revised Statutes specifically set forth in the proceeding paragraph were in full force and effect.

30. Said crash and Plaintiff's injuries and damages were proximately caused by the negligence of James Sneed in the operation of his motor vehicle, and Defendant United States of America is vicariously liable for James Sneed's negligence as he was acting within the course and scope of his employment with the United States Postal Service, an agency of Defendant United States of America, at the time of said collision.

31. As a direct, immediate and proximate result of James Sneed's negligence per se, Plaintiff has been damaged and has suffered injuries, damages and losses.

32. As a direct, immediate and proximate result of James Sneed's negligence per se, Plaintiff has sustained damages, injuries and losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, economic losses and damages, loss of enjoyment of life, property damage, and all other injuries, damages and losses of the Plaintiff.

33. All damages are in the past, present and future, whether so specifically delineated in each paragraph or not.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Jason Sisneros, prays for judgement in favor of the Plaintiff and against Defendant, on account of the matters set forth in the Introductory Allegations, First and Second Claims for Relief, in an amount that will fully compensate Plaintiff in the amount of $100,000.00 for injuries, damages and losses, in the past, present and future, including past, present and future medical expenses, past present and future pain and suffering, personal injuries, physical injuries, permanent injuries, physical impairment, emotional distress, for loss of ability to enjoy life as he did before the crash, for lost time, out-of-pocket expenses, quality of life losses, for property damage, for costs, for expert witness fees, and interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as the Court deems proper.

Dated this 9th day of October, 2020.

**Respectfully submitted,**

s/ Robert A. Brovege, Jr.
Robert A. Brovege, Jr., No. 32726
Bell & Pollock, P.C.
7555 East Hampden Avenue, Suite 200
Denver, CO 80231
Telephone:     (303) 795-5900
Email:          rbrovege@bellpollock.com
Attorney for Plaintiff